## YOUNGSTOWN CARTAGE CO v PFUND

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 11, 1935

C. F. Scanlon, for plaintiff in error.
Peter Betras, for defendant in error.

## OPINION

By ROBERTS, J.

The first contention of the defendant is that the verdict was against the manifest weight of the evidence. Two witnesses testified for the plaintiff concerning the manner of the accident. One of these was the plaintiff and the other was a man by the name of Peter Garnet. No witnesses testified for the defendant concerning the immediate accident, and this is explained by the defendant as follows:

"That the defendant, through its servants and employes, had no knowledge of the occurring of this accident, or that an accident was claimed to have occurred, until some days later when notified by counsel for the plaintiff."

Indeed, it is quite probable under the evidence of the plaintiff, which is to the effect that the truck from which the material is claimed to have fallen, had just gotten in motion and started away when the material fell off which injured the plaintiff. It is claimed that the driver did not look back, and no one connected with the defendant, under the circumstances, probably did know of the occurrence of the accident. The testimony of the plaintiff and the witness Garnet, as to the manner of the accident, is practically uncontradicted. There are some discrepancies and contradictions in the testimony of these two witnesses, which might affect the weight to be given to their testimony. It has already been stated that these witnesses testified at the former trial. There was a stipulation in the case that Miss Reilly, the stenographer, if present, would testify as inserted in the record, commencing at page 178. This indicates the testimony of these witnesses to be quite different from the testimony formerly given. Garnet said at the first trial that he and the plaintiff were walking toward each other in opposite directions and that he observed the accident. In his later testimony he said that they were walking in the same direction. The plaintiff testified first that she was walking rapidly and was unable to stop and fell over the pile of debris, and in this trial testified that it fell upon her. She was also interrogated in numerous respects as to the truth of her answers at the former trial, or whether or

not she testified as shown by the stipulation. She quite generally denied that she had so testified; this without, perhaps, evident purpose, because she sometimes denied previous answers which were not harmful to her. Her testimony in this case seemed to indicate to some extent that she felt called upon to deny whatever counsel for the defendant intimated by questions what she had previously said. This may have been from lapse of memory, and it may possibly be inferred from the record that this woman had a lack of appreciation to a considerable extent of what the questions really meant. Of course, it was the purpose of the defense in thus contradicting these witnesses to impeach their testimony or lessen its credibility by repeated contradictions. It might well be conceived that this might be quite effective if evidence had been introduced of an adverse nature concerning the accident by the defendant. After all, it seems quite conclusive that this plaintiff, walking through this passageway, was suddenly confronted with material which fell against her or immediately in front of her, whereby she fell and received considerable injury. Upon this there is no dispute to the extent that the testimony of the plaintiff, the witness Garnet and the attending physicians may be believed. Perhaps it should be suggested that it may be that some of the discrepancies in this trial are the result of the first petition not having been drawn in conformity with the facts, as claimed by the defendant, and this resulted in the necessity for an amending of the petition. This court is not able to say that the unexplained falling of this material upon the sidewalk upon or immediately in front of a pedestrian, was not the result of negligent or actionable conduct of the defendant and unexplained by the defendant, and we are not able to say, after a consideration of this evidence that the verdict was against the manifest weight of the evidence.

It is said second, that the court erred in charging upon issues raised in the pleadings, but upon which no evidence was produced to sustain such issue, and this is claimed to have occurred by reason of the fifth specification of alleged negligence heretofore read from the amended petition, in which it is claimed that the driver of the truck did not look back immediately before or at the time he put the truck in motion to ascertain conditions which might have suggested danger to pedestrians in starting.

It is not disputed but that no evidence was offered by the plaintiff in the case to the effect that the driver of this truck did not look back before starting, and this complaint of negligence was therefore not sustained by any evidence.

It is asserted by counsel for the defendant that the court erred in not directing the jury to disregard this alleged ground of negligence. The court said to the jury, on page 191 of the record, in the charge:

"Now, Ladies and Gentlemen, having in mind that negligence is the failure to exercise ordinary care, as I have defined it, what do you say as to those claimed grounds of negligence? Have they been shown by the greater weight of the probabilities, as to any one or more of them? Now, if they have not been so shown, as to one or more of them, then your duties will end and your verdict will be for the defendant, but if you find first that this truck was the truck of the defendant, being operated, as I say, in its business, by one of its employes, and secondly find—"

Here follows matter in the charge complained of by counsel for the defendant:

"—that as to one or more of these claimed grounds of negligence, the evidence, by its greater weight, shows the defendant to have been negligent, then you come to a consideration of whether any such negligence was the proximate cause of injury to the plaintiff."

The court might very properly in the instructions have said to the jury that it should disregard this specification of negligence, to which reference has just been made. However, the charge of the court as a whole, and generally speaking, was complete, and if the defendant desired any further or more specific instructions upon any particular proposition, the rule is well settled that counsel should have asked for such instructions. This court is unable to determine from the conditions whether or not the jury gave any regard to this specific allegation, or whether the defendant was prejudiced under the conditions. Counsel might have, by interrogatories to be returned with the general verdict, discovered upon what allegations of negligence the verdict was predicated, but this was not done. Under the conditions this court is not able to say that, taking into consideration the instructions immediately preceding the matter complained of, there was prejudicial error in what the court said or in not specifically withdrawing from the jury this allegation of negligence.

The third complaint is that the court erred in overruling the motion for a directed verdict made at the close of all 'of the evidence, on behalf of the defendant. It already having been held that the court could not say that the verdict was against the manifest weight of the evidence, it follows that this complaint should be disregarded.

Owing to the nature of this case some uncertainty or want of knowledge as to the conditions of the accident and the contradictory statements of the two witnesses who speak for the plaintiff. as herein stated, this trial is not very satisfactory in its submission, but, as before indicated, it was the employes of the defendant company, and its trucks, undisputedly, which were engaged in this service. Just what caused the falling of the material from the truck may not be known with certainty. Presumably there were at least two contributing causes, the placing of too much material on the truck, whereby it was liable to slide off, and a sudden jolt given to the truck when it was started, these two conditions indicating a liability of falling material to the danger and injury of pedestrians who were constantly passing in the congested traffic immediately adjacent to the truck.

This court, considering all of these and other matters in the case, is not able to say that prejudicial error occurred in the trial.

There was another matter indicated in the evidence and that was that the plaintiff had made some settlement with Heller Brothers Construction Company, or, in any event, had received $300.00 from this company. Under what terms or conditions the evidence does not disclose, and nothing is claimed by counsel for the defendant in this behalf. No complaint is made ·of the size of the verdict.

The judgment of the court below is affirmed.

CARTER and NICHOLS, JJ, concur.